UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC LEE, on behalf of
himself and all others
similarly situated,

        NO. CIV. S-05-2272 LKK/DAD

    Plaintiff,

  v.                        O R D E R

BEN BRIDGE JEWELER, INC.,

    Defendant.
_____/

    This matter is before the court on the petition of defendant, Ben Bridge Jeweler, Inc., ("defendant") for removal predicated upon the court's diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction and may remand <u>sua sponte</u> for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c). Having invoked the removal statute, defendant bears the burden of establishing this court's jurisdiction. <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988). As explained below, defendant has failed to meet this burden.

1

1      Diversity jurisdiction requires complete diversity of
2 citizenship among the parties, as well as a minimum amount in
3 controversy of over $75,000.  <u>See</u> <u>id</u>.  While it appears that
4 diversity of citizenship is satisfied, defendant has not met its
5 burden of demonstrating that the amount in controversy exceeds
6 $75,000.
7      Plaintiff, Eric Lee, on behalf of himself and all others
8 similarly situated, filed a complaint on September 9, 2005 in
9 Sacramento Superior Court alleging that defendant violated
10 Cal. Civ. Code § 1747.08.  This provision prohibits merchants from
11 asking for a customer's address and phone number under certain
12 circumstances.  On page seven of the complaint, plaintiff submits
13 that the "amount in controversy does not exceed $74.999.99."
14 Compl. at 7:2.  Defendant, in its notice of removal, states that
15 the matter in controversy exceeds $75,000.00, but fails to explain
16 how that number was derived.  <u>See</u> Def. Ntc. of Removal at 2:23.
17     "Where it is not facially evident from the complaint that more
18 than $75,000 is in controversy, the removing party must prove, by
19 a preponderance of the evidence, that the amount in controversy
20 meets the jurisdictional threshold."  <u>Matheson v. Progressive</u>
21 <u>Specialty Insurance Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003);
22 <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398 (9th Cir. 1996).
23     Not only does the complaint state that the amount in
24 controversy does not exceed $74,999.99, but defendant fails to
25 provide any additional evidence or explanations for why the amount
26 in controversy would be more than the sum specified in the

1 complaint.  Therefore, defendant has failed to prove, by a
2 preponderance of the evidence, that the amount in controversy meets
3 the jurisdictional threshold.
4     "Because the 'removal statutes are strictly construed against
5 removal,' Libhardt v. Santa Monica Dairy Co., 592 F.2d 1062, 1064
6 (9th Cir. 1979), generally speaking, doubts about removal must be
7 resolved in favor of remand." Dodd v. John Hancock Life Ins. Co.,
8 688 F. Supp. 564, 566 (E.D. Cal. 1988); see Matheson, 319 F.3d at
9 1090.  Since defendant has not adequately established the amount
10 in controversy in the case at bar, the court lacks subject matter
11 jurisdiction and must remand the case.  See 28 U.S.C. § 1447(c).
12     For the foregoing reasons, the court hereby ORDERS the above-
13 captioned case REMANDED to the Superior Court of the State of
14 California in and for the County of Sacramento.
15     IT IS SO ORDERED.
16     DATED: November 14, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT